EXHIBIT "B"

 CT Corporation

**Service of Process Transmittal**
08/10/2021
CT Log Number 540054398

**TO:** Kim Lundy- Email
Walmart Inc.
702 SW 8TH ST
BENTONVILLE, AR 72716-6209

**RE:** **Process Served in Georgia**

**FOR:** Wal-Mart Stores East, LP  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Lane Shaharazard, Pltf. vs. Wal-Mart Stores East, LP, Dft. |
| **DOCUMENT(S) SERVED:** | Summons, Information Form, Complaint, First Interrogatories, First Request |
| **COURT/AGENCY:** | Gwinnett County State Court, GA<br>Case # 21C05905S6 |
| **NATURE OF ACTION:** | Personal Injury - Slip/Trip and Fall - 09/02/2019, 2635 Pleasant Hill Road, Duluth, GA 30096. |
| **ON WHOM PROCESS WAS SERVED:** | The Corporation Company (FL), Cumming, GA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 08/10/2021 at 13:29 |
| **JURISDICTION SERVED :** | Georgia |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service, exclusive of the day of service (Document(s) may contain additional answer dates) |
| **ATTORNEY(S) / SENDER(S):** | Campbell Williamson<br>Schneider Hammers LLC<br>5555 Glenridge Connector<br>Suite 975<br>Atlanta, GA 30342<br>770-900-9000 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 08/11/2021, Expected Purge Date: 08/16/2021<br><br>Image SOP |
| **REGISTERED AGENT ADDRESS:** | The Corporation Company (FL)<br>106 Colony Park Drive<br>STE 800-B<br>Cumming, GA 30040<br>877-564-7529<br>MajorAccountTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

**EXHIBIT B**

FILED IN OFFICE
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGI
**21-C-05905-S**
**8/9/2021 3:33 PI**
TIANA P. GARNER, CLER

## IN THE STATE COURT OF GWINNETT COUNTY

### STATE OF GEORGIA

**Shaharazard Lane**

_____

_____

_____

PLAINTIFF

VS.

**Wal-Mart Stores East, LP**

_____

_____

_____

DEFENDANT

CIVIL ACTION   **21-C-05905-S6**
NUMBER:_____

## SUMMONS

**TO THE ABOVE NAMED DEFENDANT:**

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

Campbell Williamson - Schneider Hammers LLC
5555 Glenridge Connector, Suite 975
Atlanta, Georgia 30342

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This _____**9TH**_____ day of _____**AUGUST**_____, 20__**21**__.

Tiana P. Garner
Clerk of State Court

By _____
Deputy Clerk

**INSTRUCTIONS: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.**

SC-1 Rev. 2011

EXHIBIT 1

FILED IN OFFICE
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
21-C-05905-S
8/9/2021 3:33 PM
TIANA P. GARNER, CLERK

# General Civil and Domestic Relations Case Filing Information Form

☐ Superior or ☒ State Court of _Gwinnett_____ County

| For Clerk Use Only | |
|---|---|
| Date Filed _____ | Case Number _____ |
| MM-DD-YYYY | 21-C-05905-S6 |

**Plaintiff(s)**
Lane, Shaharazard

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|
| Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix |

**Defendant(s)**
Wal-Mart Stores East, LP

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|
| Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix |

**Plaintiff's Attorney** Campbell Williamson          **Bar Number** 841365          **Self-Represented** ☐

## Check One Case Type in One Box

**General Civil Cases**
- ☐ Automobile Tort
- ☐ Civil Appeal
- ☐ Contract
- ☐ Garnishment
- ☒ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☐ Other General Civil

**Domestic Relations Cases**
- ☐ Adoption
- ☐ Dissolution/Divorce/Separate Maintenance
- ☐ Family Violence Petition
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

**Post-Judgment – Check One Case Type**
- ☐ Contempt
  - ☐ Non-payment of child support, medical support, or alimony
- ☐ Modification
- ☐ Other/Administrative

☐ Check if the action is related to another action(s) pending or previously pending in this court involving some or all of the same parties, subject matter, or factual issues. If so, provide a case number for each.

_____          _____
Case Number                        Case Number

☒ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A. § 9-11-7.1.

☐ Is an interpreter needed in this case? If so, provide the language(s) required. _____
Language(s) Required

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.
_____
_____

Version 1.1.18



EXHIBIT

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

SHAHARAZARD LANE,                    )
                                     )
    Plaintiff,               )
                                     )
v.                                   )    Civil Action
                                     )    File No.    **21-C-05905-S6**
WAL-MART STORES EAST, LP,            )
                                     )    **JURY TRIAL DEMANDED**
    Defendant.               )
                                     )
_____     )

### COMPLAINT FOR DAMAGES

COMES NOW Plaintiff in the above-styled civil action, and brings this Complaint against the Defendant above-named, and in support hereof, shows the Court as follows:

1.

Defendant Wal-Mart Stores East, LP. is a foreign for-profit corporation with its principal office at 708 SW 8th Street, Bentonville, Arkansas 72716. Defendant may be served through its registered agent, The Corporation Company, located at 106 Colony Park Drive, Suite 800-B, Cumming, Georgia 30040.

2.

Defendant is subject to the jurisdiction of this Court and venue properly lies in this county pursuant to O.C.G.A. § 14-2-510(b)(4).

3.

Defendant owns and operates a store at 2635 Pleasant Hill Road, in Duluth, Georgia 30096 ("the premises").

4.

On September 2, 2019, Plaintiff was an invitee shopping on the premises.

5.

At said place and time, Plaintiff walked down a dry goods aisle inside the premises and slipped and fell in a clear liquid on the floor.

6.

Plaintiff was unable to visualize or appreciate the liquid on the floor.

7.

The condition of the floor constituted a hazardous condition on the premises.

8.

No hazardous condition warnings were placed in a conspicuous location to warn Plaintiff of the hazard on the premises.

9.

At said place and time, Defendant owed Plaintiff a duty to exercise ordinary care to keep the premises safe, to not injure Plaintiff by maintaining a dangerous condition, and to warn Plaintiff of any hazardous conditions on its premises.

10.

Defendant breached this duty of care by, among other things, failing to keep the area safe for Plaintiff, failing to warn Plaintiff of the dangerous condition, and failing to regularly inspect and/or maintain the area so as to discover and remove hazards.

11.

Defendant had actual or constructive knowledge of the hazardous condition caused by the water on the floor.

12.

As a direct and proximate result of Defendant's negligence, Plaintiff received personal injuries and incurred extensive charges for medical treatment in excess of $34,026.81 to date,

and will incur additional medical and other expenses in the future.

13.

As a further direct and proximate result of Defendant's negligence, Plaintiff has sustained great physical and mental pain and suffering, inability to enjoy a normal life, a diminished capacity to work and labor, and Plaintiff is entitled to a judgment against Defendants for a sum to be determined by the jury to constitute full and complete compensation for all her injuries, past, present, and future.

WHEREFORE, Plaintiff prays for the following:

(a)     That service of process issue upon Defendant as provided by law;

(b)     That Plaintiff be awarded compensatory damages and general damages for pain and suffering, past, present and future in a sum and amount to be shown at trial in accordance with the enlightened conscience of an impartial jury;

(c)     That Plaintiff have a trial by jury on all issues; and

(c)     That Plaintiff have such other and further relief as this Honorable Court deems just and proper under the circumstances.

Respectfully submitted,

*/s/ Campbell Williamson*
Jason T. Schneider
Georgia Bar No. 629549
Campbell Williamson
Georgia Bar No. 841365
Jason E. Duncan
Georgia Bar No. 557510
Attorneys for Plaintiff



EXHIBIT "B"

SCHNEIDER HAMMERS LLC
5555 Glenridge Connector
Suite 975
Atlanta, Georgia 30342
(770) 900-9000

                              /s/ Kathleen M. Edwards-Opperman
                              Kathleen M. Edwards-Opperman
                              Georgia Bar No. 241460
                              Attorney for Plaintiff

MONTLICK & ASSOCIATES, P.C.
17 Executive Park Drive
Suite 300
Atlanta, Georgia 30329
(404) 235-5000

EXHIBIT

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| SHAHARAZARD LANE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action |
| | ) | File No.      **21-C-05905-S6** |
| WAL-MART STORES EAST, LP, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

### PLAINTIFF'S FIRST CONTINUING INTERROGATORIES TO DEFENDANT

Plaintiff hereby serves these Interrogatories upon the above-named Defendant as an opposite party and requests that they be fully answered in writing and under oath within forty-five (45) days of the date of service. These interrogatories are served pursuant to the Georgia Civil Practice Act and more specifically to the provisions of O.C.G.A. §§ 9-11-26 and 9-11-33.

NOTE A:      The Defendant "shall furnish such information as is available to the party." See O.C.G.A. § 9-11-33(a).

NOTE B:      These Interrogatories shall be deemed continuing and supplemental responses shall be required as set forth in O.C.G.A. § 9-11-26(e).

1.

Do you contend that venue is improper in this Court, jurisdiction is lacking over you in this Court, or that service of process has been deficient on you in this matter? If so, please describe and state with specificity all factual and legal bases supporting any such contention(s).

2.

Do you contend that some other person or company, in whole or in part, is liable to Plaintiff in this matter or is liable, in whole or in part, to you? Please state "yes" or "no." If your answer is

in any way in the affirmative, state the full name, address, and telephone number of that person or company and the specific basis for any such contention(s).

3.

Identify any entity or individual who had any ownership or operational interest in the Walmart store located at 2635 Pleasant Hill Road in Duluth, Georgia 30096, or otherwise operated or managed that store on September 2, 2019.

4.

Describe in detail how you contend the incident described in the Complaint occurred.

5.

Identify any and all expert witnesses you expect to call at the trial of this matter (as defined above), providing for each such expert the subject matter on which the expert is expected to testify, the substance of the facts and opinions to which the expert is expected to testify, and a summary of the grounds for each opinion.

6.

Identify any and all persons whom you know or suspect witnessed the subject incident, or came upon the incident scene while the Plaintiff was still present.

7.

Identify any employees, representatives, agents, or independent contractors who mopped or otherwise cleaned the store floors in the hour preceding Plaintiff's fall on September 2, 2019.

8.

Have you taken, or are you aware of, or have you obtained, any statement, be it oral or in writing, from the Plaintiff, any witness or other person purporting to have knowledge of any aspect of the subject incident? If so, identify the name of the person who gave the statement, state what

EXHIBIT "B"

was said by such person and state the name, address, and telephone number of anyone who overheard the statement or has possession, custody, or control of such statement, transcript, or summary of such statement.

9.

Identify any photographs, motion pictures, videotapes, surveys, charts, plats, plans, drawings, blueprints, sketches, diagrams, computer simulations, or any other type of demonstrative evidence concerning the subject incident, the site of the subject incident, or which in any way illustrates any facts relevant to the subject incident. As to each item, please state the nature of such item; how many of such items exist; the name, address and employer of the person making/supplying such item; and the identity of the person who presently possesses such item.

10.

Describe the extent of your knowledge of the existence of the wet floor on the premises described in the Complaint, identify the length of time the floor had been wet, and describe the facts that underly your understanding or knowledge of how the floor became wet at the site of Plaintiff's fall.

11.

Was an investigation or report made by you or on behalf of you, your representatives, attorneys, or insurers, of or relating to the incident made the basis of this lawsuit? If your answer is in any way in the affirmative, as to each such investigation or report, please state the name, address, job title and description, and telephone number of the person(s) who participated in such investigation or report and who have received and/or currently have custody or control of any written report or other documentation of the investigation.

12.

State whether or not an inspection protocol or policy and procedure was in effect at the subject location on the date of the subject incident and describe the protocol and identify any company documents that describe said protocol or policy and procedure.

13.

For each inspection protocol or policy and procedure identified above, state whether or not it was performed and if so, by whom and describe the results.

14.

State the following information concerning any and all liability insurance, including excess or umbrella coverage or coverage by any other description, which does or may afford insurance coverage to you for the claims made in this lawsuit:

a) Name of each insurance company issuing policy;

b) Applicable liability limits concerning each policy;

c) Policy number of each policy;

d) Types of insurance coverage carried;

e) Whether or not the defense of this action has been tendered to such any such insurer;

f) Whether defense has been accepted by each such insurer to whom defense has been tendered;

g) Whether this Defendant has made any claims under said policy or policies as a result of the occurrence herein;

h) The nature, extent, and amount of any such claim or claims with said insurer(s); and,

i) Whether those claims have been paid by said insurer(s) and the amount of said payment(s).

EXHIBIT "B"

15.

Were there video cameras in place at the subject establishment on the date of Plaintiff's

fall? If so, state the following:

    a)  Were the cameras operating on the date of Plaintiff's fall?

    b)  The location of each camera and the area it filmed.

    c)  Did any camera film the area where Plaintiff fell?

    d)  Was the videotape(s) reviewed to see if it filmed Plaintiff's fall or any alleged

    e)  inspection of the area of Plaintiff's fall prior to her fall? If so, by whom and when?

    f)  If any such videotape(s) exist, state the current location and custodian.

16.

What is your protocol for retaining videotapes:

(a) In the ordinary course of business?

(b) In the event of an incident such as an injury on the premises that may lead to a claim

    being presented to you?

(c) Who was responsible for implementing this protocol at the subject store on the date of

    the subject incident?

17.

Please identify by name, address and telephone number the any employee who supervised

the operations at the premises.

EXHIBIT "B"

Respectfully submitted,

*/s/ Campbell Williamson*
Jason T. Schneider
Georgia Bar No. 629549
Campbell Williamson
Georgia Bar No. 841365
Jason E. Duncan
Georgia Bar No. 557510
Attorneys for Plaintiff

SCHNEIDER HAMMERS LLC
5555 Glenridge Connector, Suite 975
Atlanta, Georgia 30342
(770) 900-9000

*/s/ Kathleen M. Edwards-Opperman*
Kathleen M. Edwards-Opperman
Georgia Bar No. 241460
Attorney for Plaintiff

MONTLICK & ASSOCIATES, P.C.
17 Executive Park Drive
Suite 300
Atlanta, Georgia 30329
(404) 235-5000

EXHIBIT

FILED IN OFFICE
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**21-C-05905-S6**
**8/9/2021 3:33 PM**
TIANA P. GARNER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

SHAHARAZARD LANE,                    )
                                     )
    Plaintiff,                   )
                                     )
v.                                   )     Civil Action    **21-C-05905-S6**
                                     )     File No.
WAL-MART STORES EAST, LP,            )
                                     )
    Defendant.                   )
                                     )
_____     )

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS
## TO DEFENDANT

Plaintiff hereby requests pursuant to the Georgia Civil Practice Act, that the above-named

Defendant produce to the law offices SCHNEIDER HAMMERS LLC, 5555 Glenridge Connector,

Suite 975, Atlanta, Georgia 30342, no later than forty-five (45) days from the date of service, the

documents and things described below that are in the possession, custody, and control of

Defendant, its employees or subordinates, agents, and/or attorneys.

1.

Please produce a schematic of the subject Walmart, 2635 Pleasant Hill Road in Duluth

Georgia 30096 which reflects the location of the area of the subject incident and the location and

direction of every camera within the subject property.

2.

Please produce true, accurate and complete copies of any and all documents relating to

your contention that some other person or company is, in whole or in part, liable to Plaintiff in this

matter or is liable, in whole or in part, to you in this matter.

3.

Please produce true, accurate and complete copies of any and all documents reflecting who

was the owner/operator of the subject Walmart on September 2, 2019.

4.

Please produce true, accurate and complete copies of any and all policies, procedures, training manuals, and other documents or things that pertain to injury accidents, safety, maintenance, inspection procedures and protocols for the subject premises.

5.

Please produce true, accurate and complete copies of any and all cleaning or inspection logs or reports for the subject Walmart for the date of September 2, 2019.

6.

Please produce true, accurate and complete copies of any incident reports drafted in response to Plaintiff's fall.

7.

Please produce true, accurate and complete copies of any report(s) of each and every individual you expect to call at the trial of this matter to offer opinion or expert testimony in any way related to the subject incident or to any issue in this matter.

8.

Please produce true, accurate and complete copies of any and all photographs, diagrams, videotapes, maps, plats, charts, or other graphic, pictorial, or demonstrative evidence reflecting the scene of the subject incident of Plaintiff's fall.

9.

Please produce any and all documents, forms, electronic data, or otherwise which contain a record of any and all review of any and all video surveillance which captured the incident, the last reasonable inspection, and how long the hazard condition remained on the floor where the

EXHIBIT "B"

subject incident occurred.

10.

Please produce true, accurate and complete copies of any and all statements of Plaintiff, any witness or other individual purporting to have knowledge of the subject incident.

11.

Please produce true, accurate and complete copies of any and all similar incidents resulting in injury occurring at the subject Walmart in the five years prior to the date of Plaintiff's fall.

12.

Please produce true, accurate and complete copies of any and all policies of insurance (to include the Declarations pages and Certificate of Coverage) which do or may afford liability insurance coverage to this Defendant for the claims made in this lawsuit.

13.

Please produce any videotape or photographs of the Plaintiff in your possession.

14.

Please produce the personnel files for any and all employees or contractors responsible for maintenance, cleaning, and inspections on duty on the date of the subject incident.

15.

Please produce any documents or tangible things upon which you base your denial of liability for the damages alleged in the Complaint, or which you claim supports your denial of liability or denial of the amount of damages.

16.

Please produce a list of all of your employees, contractors, agents, or representatives who worked at the subject Walmart on the date of the incident.

<span style="color:red">EXHIBIT "B"</span>

17.

Please produce all documents obtained through Requests to Non-Parties pursuant to O.C.G.A. § 9-11-34.

Respectfully submitted,

*/s/ Campbell Williamson*
Jason T. Schneider
Georgia Bar No. 629549
Campbell Williamson
Georgia Bar No. 841365
Jason E. Duncan
Georgia Bar No. 557510
Attorneys for Plaintiff

SCHNEIDER HAMMERS LLC
5555 Glenridge Connector, Suite 975
Atlanta, Georgia 30342
(770) 900-9000

*/s/ Kathleen M. Edwards-Opperman*
Kathleen M. Edwards-Opperman
Georgia Bar No. 241460
Attorney for Plaintiff

MONTLICK & ASSOCIATES, P.C.
17 Executive Park Drive
Suite 300
Atlanta, Georgia 30329
(404) 235-5000

EXHIBIT

E-FILED IN OFFICE - CS
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**21-C-05905-S6**

**8/31/2021 9:47 AM**

**TIANA P. GARNER, CLERK**

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

SHAHARAZARD LANE,                         Civil Action File No.
                                                  21-C-05905-S6

       Plaintiff,

v.

WAL-MART STORES EAST, LP,

       Defendant.

_____/

## ANSWER OF DEFENDANT

COMES NOW, Defendant WAL-MART STORES EAST, LP and makes this

Answer to Plaintiff's Complaint as follows:

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim against Defendant upon which

relief can be granted.

### SECOND DEFENSE

Plaintiff's alleged damages, if any, were directly and proximately caused

by Plaintiff's own contributory negligence and failure to exercise ordinary care.

### THIRD DEFENSE

Plaintiff was not in the exercise of ordinary care for her own safety in the

premises, and by the exercise of ordinary care could have avoided any injury to

herself; and on account thereof, Plaintiff is not entitled to recover from Defendant.

## FOURTH DEFENSE

Defendant denies that it was negligent in any manner whatsoever or that any negligent act or omission on its part caused or contributed to any injury or damage alleged to have been sustained by Plaintiff.

## FIFTH DEFENSE

Plaintiff assumed the risk of any hazard that was presented and is thereby barred from recovering against Defendant.

## SIXTH DEFENSE

Defendant responds to the enumerated paragraphs of Plaintiff's Complaint as follows:

1.

Defendant admits the allegations contained in paragraph 1 of the Plaintiff's Complaint.

2.

Defendant denies the allegations contained in paragraph 2 of the Plaintiff's Complaint.

3.

Defendant admits that it operates the store at issue, but denies the remaining allegations contained in paragraph 3 of the Plaintiff's Complaint.

4.

Defendant lacks sufficient knowledge and information to either admit or deny the allegations contained in paragraph 4 of Plaintiff's Complaint, which are accordingly deemed denied.

5.

Defendant lacks sufficient knowledge and information to either admit or deny the allegations contained in paragraph 5 of Plaintiff's Complaint, which are accordingly deemed denied.

6.

Defendant lacks sufficient knowledge and information to either admit or deny the allegations contained in paragraph 6 of Plaintiff's Complaint, which are accordingly deemed denied.

7.

Defendant denies the allegations contained in paragraph 6 of the Plaintiff's Complaint.

8.

Defendant denies the allegations contained in paragraph 8 of the Plaintiff's Complaint.

9.

Defendant lacks sufficient knowledge and information to either admit or deny the allegations contained in paragraph 9 of Plaintiff's Complaint, which are accordingly deemed denied.

10.

Defendant denies the allegations contained in paragraph 10 of the Plaintiff's Complaint.

11.

Defendant denies the allegations contained in paragraph 11 of the Plaintiff's Complaint.

12.

Defendant denies the allegations contained in paragraph 12 of the Plaintiff's Complaint.

13.

Defendant denies the allegations contained in paragraph 13 of the Plaintiff's Complaint.

14.

All other allegations contained in the Complaint which are not specifically responded to herein, are, therefore, denied.

15.

Defendant denies Plaintiff's prayer for relief, including all subparts thereof.

WHEREFORE, Defendant prays that Plaintiff's Complaint be dismissed with prejudice with all costs cast upon the Plaintiff. DEFENDANT DEMANDS TRIAL BY A JURY OF TWELVE (12) PERSONS AS TO ALL ISSUES SO TRIABLE.

McLAIN & MERRITT, P.C.

 /s/ Ernest L. Beaton, IV
Ernest L. Beaton, IV
Georgia Bar No. 213044
Attorneys for Defendant
WAL-MART STORES EAST, LP

3445 Peachtree Road, N.E.
Suite 500
Atlanta GA  30326
(404) 266-9171
ebeaton@mmatllaw.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing ANSWER OF

DEFENDANT WAL-MART STORES EAST, LP has this day been filed and

served upon opposing counsel via Odyssey eFileGA.

This the 31st day of August, 2021.

McLAIN & MERRITT, P.C.


 /s/ Ernest L. Beaton, IV
Ernest L. Beaton, IV
Georgia Bar No. 213044
Attorney for Defendant
WAL-MART STORES EAST, LP

3445 Peachtree Road, N.E.
Suite 500
Atlanta GA  30326
(404) 266-9171
ebeaton@mmatllaw.com



E-FILED IN OFFICE - CS
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**21-C-05905-S6**
**8/31/2021 9:47 AM**
**TIANA P. GARNER, CLERK**

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

SHAHARAZARD LANE,

        Plaintiff,

v.

WAL-MART STORES EAST, LP,

        Defendant.

_____/

Civil Action File No.
21-C-05905-S6

## **12-PERSON JURY DEMAND**

COMES NOW Defendant, WAL-MART STORES EAST, LP and demands a

trial by a jury of twelve (12) persons.

        McLAIN & MERRITT, P.C.

        /s/ Ernest L. Beaton, IV
        Ernest L. Beaton, IV
        Georgia Bar No. 213044
        Attorneys for Defendant
        WAL-MART STORES EAST, LP

3445 Peachtree Road, N.E.
Suite 500
Atlanta GA  30326
(404) 266-9171
ebeaton@mmatllaw.com

EXHIBIT "B"

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing **12-PERSON JURY**

**DEMAND** has this day been filed and served upon opposing counsel via

Odyssey eFileGA.

This the 31st day of August, 2021.

McLAIN & MERRITT, P.C.

 /s/ Ernest L. Beaton, IV
Ernest L. Beaton, IV
Georgia Bar No. 213044
Attorney for Defendant
WAL-MART STORES EAST, LP

3445 Peachtree Road, N.E.
Suite 500
Atlanta GA  30326
(404) 266-9171
ebeaton@mmatllaw.com